IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 13-cr30144-DRH |
| | ) | |
| CORVIN N HOWARD | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is defendant Corvin Howard's December 10, 2014 *Pro Se* Motion for Jail Time Credit (Doc. 50). Defendant contends the Bureau of Prisons ("BOP") has erred in the calculation of his federal sentence. Specifically, defendant contends the BOP failed to give him credit against his federal sentence for time spent in custody prior to the imposition of his federal sentence. The Court dismisses his motion for want of jurisdiction based on the following:

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding

of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty. Lastly, a collateral attack, under 28 U.S.C. § 2255, which has a 1 year statute of limitations.

Here, the defendant does not cite any case law or statute that would allow the Court to consider his motion. Rule 35 is inapplicable because this motion is brought approximately 9 months after sentencing (March 5, 2014) and the government has not filed such a motion. Likewise, Rule 33 is inapplicable as the motion is not based on newly discovered evidence and was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons.

The only other possible procedural avenue that the defendant could bring this motion is as a 2255 collateral attack. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). However, a section 2255 motion is not the proper vehicle for the defendant's challenge. Section 2255 allows federal prisoners to challenge the legality of the *imposition* of a sentence by a court. Here, the defendant's argument relates to the manner in which his sentence is being *executed.*

The authority to calculate a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served (*i.e.* the manner in which a sentence is being executed), is delegated to the Attorney General, acting through the BOP. *United States v. Wilson*, 503 U.S. 329, 335 (1992). In instances, such as the defendant's, where the prisoner believes the BOP has erred in its calculation of his federal sentence, the prisoner can challenge the execution of his

sentence by bringing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits ... and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."), *cert. denied*, 549 U.S. 1152 (2007); *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

However, even if the Court were to construe defendant's motion as a section 2241 petition, this Court would lack jurisdiction to consider the petition. A section 2241 motion must be filed in the district where the petitioner is confined, that is, in the district that has jurisdiction over the petitioner's jailer. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). Because the defendant is incarcerated at FTC Oklahoma, located in Oklahoma City, Oklahoma, his section 2241 motion must be filed in the Western District of Oklahoma.

Accordingly, the Court **DISMISSES for want of jurisdiction** the defendant's motion.

**IT IS SO ORDERED.**

Signed this 20th day of January, 2015.

Digitally signed by David R. Herndon
Date: 2015.01.20 15:03:34 -06'00'

**District Judge
United States District Court**